IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:99CR224 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DENNIS W. TYNDALL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on petitioner Tyndall's motion for a certificate of appealability, Filing No. 104, and motion for appointment of counsel, Filing No. 105. This court has denied petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. *See* Filing No. 105.

This habeas corpus action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Slack v. McDaniel,* 529 U.S. 473, 476 (2000) (holding that when a habeas corpus petitioner seeks to initiate an appeal of the dismissal of a habeas corpus petition after the effective date of AEDPA, the right to appeal is governed by the certificate of appealability (COA) requirements now found at 28 U.S.C. § 2253(c)). The AEDPA requires the issuance of a COA before a petitioner can appeal the denial of his § 2255 motion. *See* 28 U.S.C. § 2253(c). Under section 2253(c), the district court will issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* A "substantial showing of the denial of a constitutional right" requires that petitioner demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 482.  Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Id.*

The court has reviewed petitioner's motion for a certificate of appealability and finds, for the reasons stated in its earlier order denying the Section 2255 petition, that Tyndall has not made a substantial showing of the denial of a constitutional right.  *See* Filing No. 102, Memorandum and Order.  Tyndall alleged ineffective assistance of counsel, but has not shown either that his counsel's performance was deficient or objectively unreasonable or that the results of his trial would have been different absent the alleged errors.  *Id.,* Memorandum and Order at 6-7.  Accordingly, petitioner's motion for a certificate of appealability will be denied.  The petitioner may request a certificate of appealability from the Court of Appeals.  *See* Fed. R. App. P. 22(b).

Rule 8(c) of the *Rules Governing § 2255 Proceedings for the United States District Courts* provide that appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, is permitted "at any stage of the proceeding if justice so requires."  The Criminal Justice Act in turn provides that a court may appoint counsel for any financially eligible person seeking relief under section 2255 when the interests of justice so require.  *See* 18 U.S.C. § 3006A(a)(2); 28 U.S.C. § 2255.  In making the determination to appoint counsel, a court must decide whether the *pro se* litigant has presented a nonfrivolous claim and whether the nature of the litigation will make the appointment of counsel of benefit to the litigant and the court.  *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990).  Several factors should be considered, including the *pro se* litigant's ability to investigate facts and

present claims and the complexity of the factual and legal issues.  *Id.*  This court previously denied appointment of counsel, finding that "the facts and applicable law do not appear so complex as to be beyond the defendant's ability to investigate and present his claims." Filing No. 99, Order at 2.  The same remains true with respect to the appeal.  Accordingly, petitioner's motion for appointment of counsel will be denied.

IT IS ORDERED:

1. Petitioner's motion for a certificate of appealabiility, Filing No. 104, is denied;

2. Petitioner's motion for appointment of counsel, Filing No. 105, is denied.

DATED this 4th day of May, 2005.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE